UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MENES ANKH EL also known as WENDELL BROWN, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-00410-TWP-TAB |
| INDIANA STATE, STATE OF INDIANA, COUNTY OF MARION, and CITY OF INDIANAPOLIS, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

This matter is before the Court on Plaintiff Menes Ankh El's ("Plaintiff") Motion for Relief From Judgment. (Dkt. 13.) On May 12, 2022, the Court issued an Entry Dismissing Action And Directing Entry of Final Judgment after Plaintiff failed to timely amend his complaint and show cause why his case should not be dismissed for lack of jurisdiction. (Dkt. 11.) The Court entered final judgment that same date. (Dkt. 12.) For the reasons explained below, the Motion for Relief From Judgment is **denied**.

**I. LEGAL STANDARDS**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The purpose of a Rule 59(e) motion is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). However, a Rule 59(e) motion "is not a fresh opportunity to present evidence that could have been presented earlier." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). Instead, to receive the requested relief, the moving party "must clearly establish (1) that the court

committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Id.*

Plaintiff's Motion was filed on August 25, 2022, more than 28 days after the entry of the Judgment, so the Court interprets the Motion as a request for relief from judgment under Rule 60(b). Courts grant relief under Rule 60(b) only in exceptional circumstances. *See Trade Well International v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016). The disposition of a Rule 60(b) motion is within the district court's discretion and is reviewed only for an abuse of discretion. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The rule provides that the district court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud, misrepresentation, or misconduct by an opposing party; voidness of the judgment; satisfaction of the judgment; or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

## II. DISCUSSION

Plaintiff contends that the Court should alter the judgment dismissing his original Complaint because he "could not access the PACER system to see orders or anything else done by the Court, without paying every time [he] needed to view the Court record" and "the post office placing [his] mail in the wrong P.O. box." (Dkt. 13 at 1.) Plaintiff then engages in a lengthy discussion most of which is nonsensical and irrelevant to the Motion. In particular, Plaintiff discusses the "Commercial Nature of the Action and Foreign Sovereign Immunity Act", the Dred Scott decision, and several "Congressional Definitions, Legislation, and Limitation" acts, clauses

and statutes. *Id* at 3-7. He concludes his Motion with a discussion of the U.S. Senate Congressional Record of January 9, 1905. *Id*. at 8.

In his Motion, Plaintiff does not explain how the Court made a manifest error of law when it dismissed this action for failure to show cause. Nor does he articulate a basis for relief from judgment under Rule 60(b). As the Court previously explained,

> In the Entry of March 8, 2022, the Court granted *in forma pauperis* status to *pro se* Plaintiff Menes Ankh El ("Plaintiff") and screened the Complaint. The Court explained that the Complaint is subject to dismissal for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B) because of a failure to state a claim upon which relief may be granted (Filing No. 5). The Court gave Plaintiff an opportunity to amend his Complaint no later than April 8, 2022, and show cause why this case should not be dismissed because of a lack of jurisdiction.
>
> The deadline to respond has passed, and Plaintiff has not responded to the show cause Order and has not filed an amended complaint to cure the jurisdictional deficiencies of his initial Complaint. The Court recognizes that Plaintiff did not initially receive the March 8, 2022 screening Order and Order to Show Cause; however, the docket indicates that he received the Order from the Clerk's Office on April 21, 2022. Plaintiff has since filed other documents with the Court, but he has not responded to the show cause Order, has not filed an amended complaint, and has not requested additional time to file an amended complaint. Thus, Plaintiff has failed to show cause why this case should not be dismissed for a lack of jurisdiction.

(Dkt. 11.) Although Plaintiff explains that he did not wish to pay a PACER fee to view pleadings in this case and his mail was sent to an incorrect P.O. box, Plaintiff still had a duty to monitor the docket of his case and respond to the show cause order in a timely manner. The Court did not make a manifest error of law in dismissing this action without prejudice. Accordingly, the Motion for Relief From Judgment is **denied**.

The Court notes that on August 27, 2022, Plaintiff belatedly (and without requesting leave) filed what appears to be an amended complaint titled Verified Claim and Complaint for Violations of: Article 1 § 10, 1st, 4th, 5th, 6th, 8th, 9th, 10th, 13th, and 14th Amendments to the Constitution of the United States; Through Interference in Private Commercial Affairs, Misapplication of Statutes,

Fraud on the Court, Usurpation of Jurisdiction, Breach of Fiduciary Obligations ("Amended Complaint") (Dkt. 14). Even if the Court were to consider the amended pleading as timely filed, the filing fails to cure the jurisdictional deficiencies of Plaintiff's initial Complaint. The Court has attempted, but is unable to discern any viable federal claims in the Amended Complaint which again brings claims against Indiana State, the State of Indiana, County of Marion, and the City of Indianapolis. Plaintiff, brings his claim "in proper person, sui juris, Moorish National". (Dkt. 14 at 3). He asserts that his civil action is brought pursuant to 42 U.S.C. §§ 1981, 1982, 1985, 1986, and 1994 for violation of his constitutional rights ensured by Art. I § 10 and the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments, and makes claims similar to those stated in the original Complaint.

The Court recognizes that *pro se* complaints such as that filed by Plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008). However, the Amended Complaint does not cure the deficiencies of the original Complaint. Plaintiff has failed to state any viable claims. To the extent that Plaintiff raises a claim based on the theory of "sovereign citizen" immunity as a Moorish National, such arguments have been universally rejected by the Courts as frivolous. *See United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011). An action is "'frivolous where it lacks an arguable basis either in law or in fact.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Nietzke v. Williams*, 490 U.S. 319, 325 (1989)). As filed, the Amended Complaint is frivolous. A frivolous "suit does not invoke the jurisdiction of a federal court; if it is clear beyond any reasonable doubt that a case doesn't belong in federal court…" *Carter v. Homeward Residential, Inc.*, 794 F.3d 806, 807 (7th Cir. 2015) (internal quotation omitted). Accordingly, the late filed Amended Complaint also does not invoke jurisdiction of this Court and it is **stricken**.

### III. CONCLUSION

Plaintiff has failed to show that the Court made a manifest error of law in dismissing this action; therefore, his Motion for Relief From Judgment, (Dkt. 13), is **DENIED**. In addition, the Verified Claim and Complaint for Violations of: Article 1 § 10, 1st, 4th, 5th, 6th, 8th, 9th, 10th, 13th, and 14th Amendments to the Constitution of the United States; Through Interference in Private Commercial Affairs, Misapplication of Statutes, Fraud on the Court, Usurpation of Jurisdiction, Breach of Fiduciary Obligations, (Dkt. 14), is **STRICKEN** because it is untimely filed and the Court lacks jurisdiction. This case remains closed.

**SO ORDERED.**

Date: 11/1/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Menes Ankh El
CAP STONE LAW FIRM
P.O. Box 88045
Indianapolis, Indiana  46208